UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IDEAL HOLDINGS OF MICHIGAN,
LLC, *et al.*,

    Plaintiffs,

v.                                          Case No. 24-10780

THE HIGH CONSULTANTS, LLC, *et al.*,      Sean F. Cox
                                                                United States District Court Judge

    Defendants.

_____/

**OPINION & ORDER DENYING
DEFENDANT MARC STEIMER'S MOTION TO DISMISS**

This matter is currently before the Court on *pro se* Defendant Marc Steimer's Motion to Dismiss brought under Fed. R. Civ. P. 12(b)(6). The motion has been briefed by the parties and the Court concludes that a hearing it not necessary. Local Rule 7.1. For the reasons that follow, the Court DENIES the motion.

**BACKGROUND**

On March 27, 2024, Plaintiffs Ideal Holdings of Michigan, LLC ("Ideal Holdings") and Done Right Properties, LLC ("Done Right") filed this diversity action against Defendants The High Consultants, LLC and Marc Steimer. Plaintiffs' Complaint includes the following Introduction section:

> This case arises from Defendants' bad faith withdrawal as Member, Unitholder and Manager of Ideal Holdings of Michigan, LLC in breach of the Operating Agreement; breach of Defendants' fiduciary duties to the other Members by, among other reasons, their diversion of corporate opportunity and funds; and member and company oppression by Defendants. As a result of Defendants' breaches of their duties and obligations to Plaintiffs, Plaintiffs have suffered lost profits from the prospective marijuana cultivation operation located

1

in Chelsea, Michigan in the amount of $2,500,000 to $5,000,000.

(Compl. at 2). It includes the following three counts: 1) "Breach of Contract" (Count I); 2) "Breach of Fiduciary Duties" (Count II); and 3) "Member and Company Oppression" (Count III).

On May 14, 2024, *pro se* Defendant Marc Steimer filed a Motion to Dismiss, purporting to bring that motion on his own behalf and on behalf of Defendant High Consultants, LLC. Steimer is not an attorney, however, and he can only represent himself. As such, on June 21, 2024, this Court issued an order explaining that and ordering that the pending motion is construed as brought on behalf of Steimer alone. (ECF No. 15).

## STANDARD OF DECISION

Defendant Steimer's Motion to Dismiss is brought under Fed. R. Civ. P. 12(b)(6).

"To survive a motion to dismiss" under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* When assessing the sufficiency of a plaintiff's claim, this Court must accept the complaint's factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001).

## ANALYSIS

As Plaintiffs note in their response brief, Defendant Steimer's motion does not actually challenge the pleadings as being legally insufficient:

2

> Defendant Steimer's entire brief is noteworthy for virtually no supporting authority let alone legal analysis. Instead, Steimer only presents an alternative set of facts that dispute the facts of the case. His defenses are merit-based, instead of attacking the sufficiency of the pleadings as required in a Fed. R. Civ. P. 12(b)(6) motion. "The purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." 5B Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 2004). It is clear that Defendant Steimer fails to understand the standard and burden of a Fed. R. Civ. P. 12(b)(6) motion.

(Pls.' Br. at 8-9).

The Court agrees that this *pro se* motion does not actually challenge the legal sufficiency of the claims pleaded by Plaintiffs. Rather, the motion is simply a narrative of this *pro se* Defendant's version of events and his views about the claims.

Nevertheless, Plaintiffs' response brief *does address* the legal requirements for their claims and explains how they have sufficiently pleaded their claims.

## CONCLUSION & ORDER

For the reasons set forth above IT IS ORDERED that Defendant Marc Steimer's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

                                              s/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated: September 17, 2024