UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IDEAL HOLDINGS OF MICHIGAN,
LLC, *et al.*,

    Plaintiffs,

v.    Case No. 24-10780

THE HIGH CONSULTANTS, LLC, *et al.*,    Sean F. Cox
    United States District Court Judge

    Defendants.
_____/

**OPINION
ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
AS TO DEFENDANT THE HIGH CONSULTANTS, LLC ONLY**

In this action, Plaintiffs Ideal Holdings of Michigan, LLC and Done Right Properties, LLC asserted three causes of action against two Defendants. Plaintiffs obtained a Clerk's Entry of Default against Defendant The High Consultants, LLC and now seek a default judgment against that Defendant alone. This Court held an evidentiary hearing on November 14, 2024. For the reasons set forth below, the Court GRANTS the motion, to the extent that the Court will issue a default judgment in favor of Plaintiffs against Defendant The High Consultants, LLC in the amount of $5,000,000.00.

**BACKGROUND**

On March 27, 2024, Plaintiffs Ideal Holdings of Michigan, LLC and Done Right Properties, LLC ("Plaintiffs") filed this diversity action against Defendants The High Consultants, LLC and Marc Steimer. Plaintiffs' Complaint includes the following three counts: 1) "Breach of Contract" (Count I); 2) "Breach of Fiduciary Duties" (Count II); and 3) "Member

1

and Company Oppression" (Count III). Plaintiffs' Complaint alleges that its damages are "in a range from $2.5-$5 million based on past and future lost profits from the enterprise." (Compl. at ¶¶ 51, 58 & 64).

Defendant The High Consultants, LLC has not answered or entered an appearance. Plaintiffs requested, and obtained, a Clerk's Entry of Default against Defendant The High Consultants, LLC.

On July 24, 2024, Plaintiffs filed a motion seeking a default judgment against Defendant The High Consultants. The motion asks the Court to hold an evidentiary hearing in order to determine the amount of damages to be awarded. This Court held an evidentiary hearing on November 14, 2024, at which time it heard witness testimony and also received a number of exhibits.

## ANALYSIS

Pursuant to Fed. R. Civ. P. 55(b), a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. When reviewing a motion seeking a default judgment, this Court views this as a two-part inquiry: 1) whether the factual allegations in the operative complaint are sufficient to establish liability for the claims asserted; and 2) if so, determining the amount of damages, or other relief, to be awarded.

The effect of a default is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, 44 F.4th 393, 403 (6th Cir. 2022). After a default, it remains the district court's responsibility to determine whether the well-pleaded factual allegations in the complaint at issue are sufficient to establish a defendant's liability. *Nishimatsu Constr. Co. Ltd. v. Houston*

*Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *United States v. $525,695.24 Seized from JPMorgan Chase*, 869 F.3d 429, 441 (6th Cir. 2017).

The burden of establishing damages rests squarely on the plaintiff seeking the default judgment.  *Flynn v. People's Choice Home Loans, Inc*., 440 F App'x 452, 455 (6th Cir. 2011).

Under Fed. R. Civ. P. 55(b)(2), this Court has discretion to hold an evidentiary hearing, conduct an accounting, or investigate any matter, in order to determine the amount of damages. This Court held an evidentiary hearing on November 14, 2024.

**I.      Limitations On Amount Of Default Judgment**

Pursuant to Fed. R. Civ. P. 54(c), a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  The reason behind this rule is to "ensure a party pondering default has meaningful notice, based on the complaint alone, of her exposure in the event of a default."  *Ditech Fin., LLC v. Naumann*, 742 F. App'x 810, 813 (5th Cir. 2018).

Here, Plaintiff's Complaint indicates that Plaintiffs are seeking damages in this case in the range of 2.5 to five million dollars.  (Compl. at ¶¶ 51, 58 & 64).  As such, Plaintiffs are limited to five million dollars – the amount of the damage exposure stated in Plaintiffs' Complaint.

In addition, while Plaintiffs' Complaint includes three causes of action, that are based on the same underlying factual allegations, Plaintiffs can only be made whole.  That is, Plaintiffs cannot obtain a double (or triple) recovery and recover five million dollars to as to each of the three counts.  *See, eg., U.S. ex rel. Augustine v. Century Health Servs., Inc.*, 289 F.3d 409, 417 (6th Cir. 2002) ((("[T]he election-of-remedies doctrine is properly invoked to prevent a double recovery based on two causes of actions that arose from the same wrong.") (citing *Hickson Corp.*

*v. Norfolk S. Ry. Co.*, 260 F.3d 559, 566–67 (6th Cir. 2001)).

And Plaintiffs do not seek a double or triple recovery. (*See* Pl.'s Br. at 7-9) (seeking a default judgment in the total amount of $5,647,000.00 (as opposed to double or triple that amount).

In order for Plaintiffs to obtain a $5,000,000.00 default judgment, Plaintiffs must show that they have established liability and those damages as to one of their three causes of action.

## II. Plaintiffs' Breach of Contract Claim

Plaintiffs' Complaint asserts a breach of contract claim against The High Consultants, LLC and asks the Court to award damages of $5,647,000.00 against that Defendant with respect to the breach of contract claim. Defendant The High Consultants, LLC was a party to the Holdings Operating Agreement. (ECF No. 1-2 at PageID.63). Plaintiffs alleges that Defendant breached the "Holdings Operating Agreement" by the following actions: "1) diverting company opportunity; 2) withdrawing in bad faith from the company; 3) interfering with relationships among the Members; 4) breaching Defendants' fiduciary duties; 5) engaging in impermissible conflicts of interest, 6) refusing to enter into agreements and commitments contemplated and required by the Holdings Operating Agreement to effectuate the purpose of the company and 7) causing the company to fail." (Compl. at ¶ 49).

Plaintiffs' supplemental brief does not link any of the alleged breaches (stated above) with any specific provisions of the contract at issue (the Holdings Operating Agreement). Rather, Plaintiffs appear to assert that Defendant The High Consultants, LLC breached its duty of good faith and fair dealing. *(See* Pl.'s Supp. Br. at 5).

But "Michigan does not recognize a [generic, free-standing] claim for breach of an

4

implied covenant of good faith and fair dealing." *Union Commercial Svs. Ltd. v. FCA Int'l Oper., LLC*, 785 F. App'x 309, 313 (6th Cir. 2019) (quoting *FCA US LLC v. Eagle Auto-Mall Corp.*, 702 F. App'x 301, 306 (6th Cir. 2017)). There is an exception, however, and an "implied covenant" will attach "only where one party to the contract makes its performance a matter of its own discretion." *Union Commercial Svs. Ltd., supra.* Plaintiffs' complaint does not allege that this exception applies and has not shown that this exception can be applied given the terms of the contract at issue here.

Accordingly, this Court concludes that Plaintiffs have not shown that they are entitled to a default judgment on the breach of contract count.

## II.     Plaintiffs' Two Other Causes Of Action

While Plaintiffs' factual allegations regarding Defendant's conduct do not fit into a breach of contract claim, they do fit with the other two causes of action. In Count II, Plaintiffs assert a breach of fiduciary duties claim against Defendant The High Consultants, LLC and in Count II they assert a similar claim brought under a Michigan statute – Mich. Comp. Laws § 450.4515. Under that statute, a member of a limited liability company may bring an action to "establish that the acts of the managers or members in control of the limited liability are illegal or fraudulent or constitute willfully unfair and oppressive conduct toward the limited liability company or the member" and may seek an award of damages for such conduct. Mich. Comp. Laws § 450.4515(1)(e).

"At a minimum, a viable claim for the breach of fiduciary duty must include facts alleging: '(1) the existence of a fiduciary duty, (2) a breach of that duty, (3) proximately causing damages.'" *Fisher v. Perron*, 30 F.4th 289, 299 (6th Cir. 2022) (citation omitted). As Plaintiffs

5

note, the Michigan statute requires a manager of an LLC to act "in good faith, with the care an ordinarily prudent person in a like position would exercise under similar circumstances, and in a manner the manager reasonably believes to be in the best interests of the limited liability company." Mich. Comp. Laws § 450.4404.

Here, Plaintiffs allege that Defendant The High Consultants, LLC breached its fiduciary duties, and violated the statute, in several ways, including "improperly diverting company opportunity," "interfering with relationships among the members," and "engaging in impermissible conflicts of interest." (Compl. at ¶¶ 56 & 61). They further allege that those actions caused Plaintiffs to incur monetary damages. Thus, liability for these counts is established.

At the November 14, 2024, evidentiary hearing, Plaintiffs presented expert testimony in support of their requested damages. Having considered that testimony, along with the exhibits and other documents submitted by Plaintiffs, the Court concludes that Plaintiffs have established that The High Consultants, LLC's conduct caused Plaintiffs to incur damages of five million dollars, based on past and future lost profits from the enterprise. As such, the Court shall enter a default judgment, in favor of Plaintiffs and against Defendant The High Consultants, LLC, in that amount.

## CONCLUSION

For the reasons set forth above, the Court ORDERS that Plaintiffs' Motion for Default Judgment is GRANTED, to the extent that the Court will issue a default judgment against Defendant The High Consultants, LLC, in the amount of $5,000,000.00.

IT IS SO ORDERED.

Dated: November 21, 2024

s/Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on November 21, 2024, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

s/Jennifer McCoy
Case Manager