UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IDEAL HOLDINGS OF MICHIGAN,
LLC, *et al.*,

    Plaintiffs,

v.                                          Case No. 24-10780

THE HIGH CONSULTANTS, LLC, *et al.*,       Sean F. Cox
                                                   United States District Court Judge

    Defendants.
_____/

**OPINION
ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
AS TO DEFENDANT MARC STEIMER**

In this action, Plaintiffs asserted three causes of action against two Defendants. Plaintiffs previously obtained a default judgment against the other Defendant – The High Consultants, LLC. Plaintiffs now seek a default judgment against the remaining Defendant – Marc Steimer ("Steimer"). Although Steimer appeared *pro se* in this case, and filed some motions of his own, Steimer did not respond to Plaintiffs' Motion for Default Judgment against him. The Court held an evidentiary hearing on March 6, 2025. For the reasons that follow, this Court GRANTS the motion, to the extent that the Court will issue a default judgment in favor of Plaintiffs and against Defendant Steimer in the amount of $5,000,000.00.

**BACKGROUND**

On March 27, 2024, Plaintiffs Ideal Holdings of Michigan, LLC and Done Right Properties, LLC filed this diversity action against Defendants The High Consultants, LLC and Marc Steimer. Plaintiffs' Complaint includes the following three counts: 1) "Breach of

Contract" (Count I); 2) "Breach of Fiduciary Duties" (Count II); and 3) "Member and Company Oppression" (Count III). Plaintiffs' Complaint alleges that its damages expert "will testify that Plaintiffs' damages are in a range from $2.5-$5 million based on past and future lost profits from the enterprise." (Compl. at ¶¶ 51, 58 & 64).

Acting *pro se*, on May 14, 2024, Defendant Steimer filed a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). This Court denied that motion in an Opinion and Order issued on September 17, 2024. (*See* ECF No. 28). Thus, pursuant to Fed. R. Civ. P. 12(a)(4)(A), Defendant Steimer was required to file an answer to the Complaint within fourteen days of September 17, 2024. Steimer did not do so and, on October 28, 2024, a Clerk's Entry of Default was issued as to Defendant Steimer. (ECF No. 32).[1]

Meanwhile, Plaintiffs sought, and obtained, a default judgment against Defendant The High Consultants, LLC, after this Court heard oral argument and held an evidentiary hearing. That default judgment was issued on December 2, 2024.

On December 9, 2024, Plaintiffs filed the instant Motion for Default Judgment against Defendant Steimer. (ECF No. 38). Defendant Steimer did not file any response to the motion and the time permitted for doing so has passed.

The Court held an evidentiary hearing, on March 6, 2025, at which time it heard witness testimony and also received a number of exhibits.

## ANALYSIS

---

[1]Meanwhile, on October 17, 2024, Steimer filed another *pro se* Motion to Dismiss. (ECF No. 30). This Court denied that motion as well. (*See* ECF No. 36).

2

Pursuant to Fed. R. Civ. P. 55(b), a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. When reviewing a motion seeking a default judgment, this Court views this as a two-part inquiry: 1) whether the factual allegations in the operative complaint are sufficient to establish liability for the claims asserted; and 2) if so, determining the amount of damages, or other relief, to be awarded.

The effect of a default is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, 44 F.4th 393, 403 (6th Cir. 2022). After a default, it remains the district court's responsibility to determine whether the well-pleaded factual allegations in the complaint at issue are sufficient to establish a defendant's liability. *Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *United States v. $525,695.24 Seized from JPMorgan Chase*, 869 F.3d 429, 441 (6th Cir. 2017).

The burden of establishing damages rests squarely on the plaintiff seeking the default judgment. *Flynn v. People's Choice Home Loans, Inc*., 440 F App'x 452, 455 (6th Cir. 2011).

Under Fed. R. Civ. P. 55(b)(2), this Court has discretion to hold an evidentiary hearing, conduct an accounting, or investigate any matter, in order to determine the amount of damages. This Court held an evidentiary hearing on March 6, 2025.

Pursuant to Fed. R. Civ. P. 54(c), a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." The reason behind this rule is to "ensure a party pondering default has meaningful notice, based on the complaint alone, of her exposure in the event of a default." *Ditech Fin., LLC v. Naumann*, 742 F. App'x 810, 813 (5th Cir. 2018).

Here, Plaintiffs' Complaint indicates that Plaintiff are seeking damages in this case in the

3

range of 2.5 to five million dollars. (Compl. at ¶¶ 51, 58 & 64). As such, in deciding the other default judgment motion, this Court ruled that Plaintiffs are limited to five million dollars – the amount of the damage exposure stated in Plaintiffs' Complaint.

In this second motion, Plaintiffs ask the Court to rule differently and award it more than five millions dollars as to Defendant Steimer. In a footnote to its brief, Plaintiffs also belatedly asks the Court to amend the December 2, 2024 default judgment that was entered against the other Defendant. The Court declines to do so, and again rules that damages are capped at five million dollars.

While Plaintiffs' Complaint includes three causes of action, that are based on the same underlying factual allegations, Plaintiffs can only be made whole. That is, Plaintiffs cannot obtain a double (or triple) recovery and recover five million dollars to as to each of the three counts. *See, eg., U.S. ex rel. Augustine v. Century Health Servs., Inc.*, 289 F.3d 409, 417 (6th Cir. 2002) (("[T]he election-of-remedies doctrine is properly invoked to prevent a double recovery based on two causes of actions that arose from the same wrong.") (citing *Hickson Corp. v. Norfolk S. Ry. Co.*, 260 F.3d 559, 566–67 (6th Cir. 2001)).

And, like their prior motion that sought a default judgment against the other Defendant, Plaintiffs' motion does not seek a double or triple recovery. (*See* Pl.'s Br. at 16) (seeking a default judgment in the total amount of $5,670,000.00 (as opposed to double or triple that amount).

In order for Plaintiffs to obtain a $5,000,000.00 default judgment, Plaintiffs must only establish that they have established liability on the part of Steimer and those damages as to one of its three causes of action.

4

Plaintiffs' Complaint asserts a breach of contract claim against both named Defendants and asks the Court to award damages of $5,647,000.00 with respect to the breach of contract claim. Plaintiffs allege that "Defendants" breached the "Holdings Operating Agreement" by the following actions: "1) diverting company opportunity; 2) withdrawing in bad faith from the company; 3) interfering with relationships among the Members; 4) breaching Defendants' fiduciary duties; 5) engaging in impermissible conflicts of interest, 6) refusing to enter into agreements and commitments contemplated and required by the Holdings Operating Agreement to effectuate the purpose of the company and 7) causing the company to fail." (Compl. at ¶ 49).

Unlike the prior motion for default judgment, in this one, Plaintiffs do link alleged breaches with specific provisions of the contract at issue (the Holdings Operating Agreement). Thus, Plaintiffs can obtain a default judgment as to this count, so long as they establish damages.

Moreover, like the prior motion, Plaintiffs' factual allegations regarding Defendant's conduct fit with the other two causes of action. In Count II, Plaintiffs assert a breach of fiduciary duties claim against Defendant Steimer and in Count II they assert a similar claim brought under a Michigan statute – Mich. Comp. Laws § 450.4515. Under that statute, members of limited liability companies like Plaintiffs may bring an action to "establish that the acts of the managers or members in control of the limited liability are illegal or fraudulent or constitute willfully unfair and oppressive conduct toward the limited liability company or the member" and may seek an award of damages for such conduct. Mich. Comp. Laws § 450.4515(1)(e).

"At a minimum, a viable claim for the breach of fiduciary duty must include facts alleging: '(1) the existence of a fiduciary duty, (2) a breach of that duty, (3) proximately causing damages.'" *Fisher v. Perron*, 30 F.4th 289, 299 (6th Cir. 2022) (citation omitted). As Plaintiffs

5

note, the Michigan statute requires a manager of an LLC to act "in good faith, with the care an ordinarily prudent person in a like position would exercise under similar circumstances, and in a manner the manager reasonably believes to be in the best interests of the limited liability company." Mich. Comp. Laws § 450.4404.

Here, Plaintiffs allege that Defendant Steimer breached his fiduciary duties, and violated the statute, in several ways, including "improperly diverting company opportunity," "interfering with relationships among the members," and "engaging in impermissible conflicts of interest." (Compl. at ¶¶ 56 & 61). It further alleges that those action caused Plaintiffs to incur monetary damages. Thus, liability for these counts is established too.

At the March 6, 2025 hearing, Plaintiffs presented expert testimony in support of their requested damages. Having considered that testimony, along with the exhibits submitted by Plaintiffs, the Court concludes that Plaintiffs have established that Defendant Steimer's conduct caused Plaintiffs to incur damages of five million dollars, based on past and future lost profits from the enterprise. As such, the Court shall enter a default judgment against Defendant Steimer in that amount.

**CONCLUSION**

For the reasons above, the Court ORDERS that Plaintiffs' Motion for Default Judgment is GRANTED, to the extent that the Court will issue a default judgment against Defendant Steimer in the amount of $5,000,000.00.

IT IS SO ORDERED.


Dated:  March 12, 2025                         s/Sean F. Cox
                                               Sean F. Cox
                                               United States District Court Judge

I hereby certify that on March 12, 2025, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                               s/Emily Vradenburg
                                               Case Manager